## FINDLING v T P OPERATING COMPANY

Docket No. 74684. Submitted July 17, 1984, at Detroit.—Decided November 7, 1984. Leave to appeal applied for.

Plaintiff, David Findling, brought an action in the Oakland Circuit Court against defendant, T. P. Operating Company, doing business as Dillon's or Dillon's Disco, alleging that his civil rights were violated when he was denied admission to defendant's "disco" because he was under the age of 21 at the time that he sought admission. Plaintiff sought exemplary damages as a result of the "outrage to his moral sense". Defendant contended that, by virtue of the Liquor Control Act, it was entitled to make reasonable rules and regulations which would include excluding persons between the ages of 18 and 21 from its establishment. The trial court, Robert L. Templin, J., granted the defendant's motion for a summary judgment after determining that the prohibition against selling alcohol to minors provided a sufficient legal basis to justify the refusal of admission by defendant to patrons between the ages of 18 and 21. The court also concluded that the form of age discrimination alleged by plaintiff was "permitted by law" and, as such, it was not improper under the Elliott-Larson Civil Rights Act. The plaintiff appeals from that order. *Held:*

Denial of admission to 18- to 21-year-olds is a reasonable extension of the statutory prohibitions of serving alcohol to individuals under the age of 21. This practice is "permitted by law", therefore, plaintiff has failed to state a cause of action for violation of his civil rights under the Elliott-Larsen Civil Rights Act. Because of his age, plaintiff had no right to be on the premises. Plaintiff has no cause of action under the circumstances here.

Affirmed.

References for Points in Headnotes

[1-3] 61A Am Jur 2d, Pleading § 230 *et seq.*

[3, 4, 6] 15 Am Jur 2d, Civil Rights §§ 43, 46.

42 Am Jur 2d, Infants §§ 3, 4.

45 Am Jur 2d, Intoxicating Liquors § 291.

Statutory change of age of majority as affecting pre-existing status or rights. 75 ALR3d 228.

[5] 73 Am Jur 2d, Statutes § 257.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment based on the failure to state a claim upon which relief may be granted challenges the legal sufficiency of the plaintiff's claim only; the motion is to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported (GCR 1963, 117.2[1]).

2. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment based on the failure to state a claim upon which relief may be granted should be denied where, taking the factual allegations of the complaint as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, the claim is not so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover (GCR 1963, 117.2[1]).

3. CIVIL RIGHTS — AGE DISCRIMINATION — ACTIONS.

A plaintiff fails to state a cause of action for violation of his civil rights under the Elliott-Larsen Civil Rights Act where the discrimination on the basis of age alleged by the plaintiff as the basis of his cause of action is "permitted by law" (MCL 37.2302[a]; MSA 3.548[302][a]).

4. INTOXICATING LIQUORS — LIQUOR CONTROL ACT — AGE OF MAJORITY ACT.

The specific provisions of the Liquor Control Act which fix the minimum drinking age at 21 supersede the general provisions of the Age of Majority Act of 1971 which deem a person who attains the age of 18 to be an adult of legal age for all purposes whatsoever who shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons previously acquired at 21 years of age; therefore, the denial of admission to an establishment licensed under the Liquor Control Act to persons 18 to 21 years old is a reasonable extension of the statutory prohibitions of serving alcohol to individuals under the age of 21, who are minors pursuant to the Liquor Control Act (MCL 436.1 et seq., 722.51 et seq.; MSA 18.971 et seq., 25.244[51] et seq.).

5. STATUTES — JUDICIAL CONSTRUCTION.

It is a rule of statutory construction that, where two statutes are or appear to be in conflict, the specific statute enacted subsequent to the more general statute prevails.

6. Intoxicating Liquors — Liquor Control Act — Possession of Liquor by Working Minor.

The specific exemption provided by the Legislature in the Liquor Control Act to allow 18- to 21-year-olds to possess liquor during working hours and in the course of employment does not grant to 18- to 21-year-olds the absolute right to work in establishments licensed under the act; the exemption is a discretionary grant of permission for 18- to 21-year-olds to legally possess liquor if employed by those designated in the act; if an individual is so employed, then his presence in such an establishment is permissible as part of the employment (MCL 436.33b[4]; MSA 18.1004 [2][4]).

*Michael J. Hubbard,* for plaintiff.

*Barris, Sott, Denn & Driker* (by *Sharon M. Woods* and *Gayle B. Tanenhaus),* for defendant.

Before: V. J. Brennan, P.J., and Allen and Gribbs, JJ.

Per Curiam. Plaintiff appeals as of right from an Oakland County Circuit Court order issued on October 8, 1983, which dismissed plaintiff's complaint pursuant to GCR 1963, 117.2(1).

In a series of amended complaints filed between August 25, 1982, and April 26, 1983, plaintiff alleged that he was denied admission to defendant's "disco" because he was under the age of 21 at the time he sought admission and that this denial violated his civil rights. Plaintiff further alleged that defendant's refusal to admit him injured his feelings and "caused him" humiliation and mental suffering. As a result of the "outrage to his moral sense", plaintiff claimed that he was entitled to exemplary damages.

As an affirmative defense to plaintiff's allegations, defendant asserted that by virtue of the Liquor Control Act, MCL 436.1 *et seq.;* MSA 18.971 *et seq.,* defendant was entitled to make reasonable

rules and regulations which would include excluding persons between the ages of 18 and 21 from its establishment.

On September 28, 1983, defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1). According to defendant, the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* did not proscribe forms of discrimination which are "permitted by law". Defendant asserted that the alleged refusal to admit plaintiff into its establishment was permitted by MCL 436.33b; MSA 18.1004(2) which prohibits the consumption of alcoholic beverages by persons under 21 years of age.

The hearing on defendant's motion was held on October 7, 1983. Defendant argued that establishments such as defendant's have the right to institute reasonable policies in an attempt to conform to the strict alcohol-related regulations and laws.

Plaintiff argued that the statutory phrase which allowed discrimination "where permitted by law" in the Elliott-Larsen Civil Rights Act only referred to laws which expressly allowed discrimination on the basis of age. Since there was no law in Michigan which expressly prohibited or limited access to bars by persons over 18 but under 21 years of age, plaintiff contended that such discrimination was not "permitted".

In an opinion issued from the bench, the trial court ruled that the prohibition against selling alcohol to minors provided a sufficient legal basis to justify the refusal of admission by defendant to patrons between the ages of 18 and 21. The court also concluded that the form of age discrimination as alleged by plaintiff was "permitted by law" and, as such, it was not improper under the Elliott-Larsen Civil Rights Act.

The issue for our consideration is whether the

trial court erred in dismissing plaintiff's complaint.

The standard of review for determining whether summary judgment has been properly granted under GCR 1963, 117.2(1) is set forth in *Reed v St Clair Rubber Co,* 118 Mich App 1, 5; 324 NW2d 512 (1982):

"A motion brought pursuant to GCR 1963, 117.2(1) challenges the legal sufficiency of plaintiff's claim only. In *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978), this Court detailed the applicable rules for passing on a motion seeking summary judgment pursuant to GCR 1963, 117.2(1):

" 'The standard governing this Court's review of a grant or denial of a motion for summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Borman's Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).' "

Plaintiff argues that the absence of both case law and statutory authority for defendant's alleged refusal to admit adults under the age of 21 indicates that plaintiff has a colorable claim for violation of his civil rights under the Elliott-Larsen Civil Rights Act. Plaintiff's claim for relief rests entirely upon the Elliott-Larsen Civil Rights Act. No constitutional issue has been raised by plaintiff.

The Elliott-Larsen Civil Rights Act sets forth the rights to which an individual is entitled and proscribes conduct which would interfere with those rights. Section 102 of the act provides that individuals have a right to equal utilization of places of public accommodation and services regardless of age:

"The opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, sex, height, weight, or marital status as prohibited by this act, is recognized and declared to be a civil right." MCL 37.2102(1); MSA 3.548(102)(1).

Section 301 of the act defines the term "Place of public accommodation" as follows:

" 'Place of public accommodation' means a business, or an educational, refreshment, entertainment, recreation, health, or transportation facility, or institution of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." MCL 37.2301(a); MSA 3.548(301)(a).

Section 302 of the act prohibits discrimination on the basis of age unless otherwise permitted by law:

"*Except where permitted by law,* a person shall not:
"(a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status." MCL 37.2302(a); MSA 3.548(302)(a) (emphasis added).

If defendant's refusal to admit plaintiff on the

basis of plaintiff's age is "permitted by law", then plaintiff has failed to state a cause of action for violation of his civil rights under the Elliott-Larsen Civil Rights Act. See *Cheeseman v American Multi-Cinema, Inc,* 108 Mich App 428; 310 NW2d 408 (1981), *lv den* 413 Mich 890 (1982).

MCL 750.141; MSA 28.336 provides in part "A minor child under 17 years of age shall not be permitted to remain in a dance hall, saloon, barroom or any place" where intoxicating liquor, wine, or beer or beverages containing intoxicating liquor or spirits is sold, given away or furnished for a beverage, unless the minor is accompanied by a parent or guardian.

No statute exists which prohibits persons over 17 from being present in such establishments. Defendant claims, however, that the statutory prohibitions against serving alcohol to persons under the age of 21 permits defendant by law to deny admission to persons 18 to 21 years of age. In support of its argument, defendant cites the Liquor Control Act, MCL 436.1 *et seq.;* MSA 18.971 *et seq.,* and specific provisions in the act where the Legislature has established Michigan's legal drinking age at 21 years of age.

MCL 436.33; MSA 18.1004 states in part:

"(1) Alcoholic liquor shall not be sold or furnished to a person unless the person has attained 21 years of age. A person who knowingly sells or furnishes alcoholic liquor to a person who is less than 21 years of age, or who fails to make diligent inquiry as to whether the person is less than 21 years of age, is guilty of a misdemeanor. A suitable sign which describes this section and the penalties for violating this section shall be posted in a conspicuous place in each room where alcoholic liquors are sold."

MCL 436.20; MSA 18.991 provides for fines of up

to $300 in addition to or in lieu of either suspension or revocation of a liquor license if any provisions of the Liquor Control Act are violated.

Under MCL 436.33b; MSA 18.1004(2):

"(1) A person less than 21 years of age shall not purchase alcoholic liquor, consume alcoholic liquor in a licensed premises, or possess alcoholic liquor, except as provided in section 33a(1) of this act. A person less than 21 years of age who violates this subsection is liable for * * * civil fines * * *."

Likewise, under MCL 436.33a; MSA 18.1004(1), a person under the age of 21 who knowingly transports or possesses alcoholic liquor in a motor vehicle is guilty of a misdemeanor "unless the person is employed by a licensee under this act, the liquor control commission" or its agent and the person "is transporting" or has the liquor in the vehicle "under the person's control during regular working hours and in the course of the person's employment".

Finally, under the dramshop act, MCL 436.22; MSA 18.993, for purposes of that provision of the Liquor Control Act, a minor is defined as "a person to whom alcoholic liquor shall not be sold pursuant" to MCL 436.33; MSA 18.1004. The "minor" would be any person who has not attained the age of 21.

Although the Age of Majority Act of 1971, MCL 722.51 *et seq.;* MSA 25.244(51) *et seq.,* specifically, MCL 722.52; MSA 25.244(52), deems a person who attains the age of 18 "to be an adult of legal age for all purposes whatsoever and shall have the same duties, liabilities, responsibilities, rights and legal capacity as persons heretofore acquired at 21 years of age", the specific provisions of the Liquor Control Act which fix the minimum drinking age

at 21 supersede these general provisions to the
extent that individuals between 18 and 21 years of
age do not have the right to purchase or be served
liquor until they attain the age of 21.[1] Thus, under
the Liquor Control Act, they are still minors.

" 'It is a rule of statutory construction that where two
statutes are or appear to be in conflict, the specific
statute, enacted subsequent to the more general statute,
prevails.' *People v McFadden,* 73 Mich App 232, 235;
251 NW2d 297 (1977)." *People v Voss,* 133 Mich App 73,
77; 348 NW2d 37 (1984).

Applying a practical rule of reason to the in-
stant case, it is our opinion that denial of admis-
sion to 18- to 21-year-olds is a reasonable extension
of the statutory prohibitions of serving alcohol to
individuals under the age of 21. Our view that this
practice is permitted by law is supported by the
strict statutory sanctions imposed upon licensees
who violate any provisions of the Liquor Control
Act.

[1] The Age of Majority Act of 1971 became effective January 1, 1972.
MCL 722.53; MSA 25.244(53) provides:

"This act [Age of Majority Act] supersedes all provisions of law
prescribing duties, liabilities, responsibilities, rights and legal capacity
of persons 18 years of age through 20 years of age different from
persons 21 years of age, including but not limited to the following
enumerated public acts: [20 enumerated acts listed thereafter includ-
ing, 1933 (Ex Sess) PA 8, §§ 33, 33a and 33b, being MCL 436.33; MSA
18.1004; MCL 436.33a; MSA 18.1004(1), and MCL 436.33b; MSA
18.1004(2)]."

The Legislature has not amended MCL 722.53; MSA 25.244(53) to
include any amendments to MCL 436.33, 436.33a and 436.33b, after
the Age of Majority Act went into effect. 1972 PA 13, § 1 became
effective on February 19, 1972 and lowered the drinking age to 18.
Likewise, 1978 PA 531, § 1 raised the drinking age to 21 and became
effective on December 23, 1978. MCL 436.33; MSA 18.1004; MCL
436.33a; MSA 18.1004(1), and MCL 436.33b; MSA 18.1004(2).

As stated by a recent panel of our Court "[t]he Age of Majority Act
was not intended to preclude the Legislature from making distinc-
tions based on the age of 21. The Legislature has since done so with
the drinking age". *Dep't of Civil Rights ex rel John Smilnak v City of
Warren,* 136 Mich App 103; 355 NW2d 687 (1984).

We are cognizant of the fact that the Legislature has provided a specific exception in the Liquor Control Act to allow 18- to 21-year-olds to possess liquor during working hours and in the course of employment.

"This section shall not be construed to prohibit a person less than 21 years of age from possessing alcoholic liquor during regular working hours and in the course of his or her employment if employed by a person licensed by this act, by the liquor control commission, or by an agent of the liquor control commission, if the alcoholic liquor is not possessed for his or her personal consumption." MCL 436.33b(4); MSA 18.1004(2)(4).

We believe, however, that this statutory exception does not grant 18- to 21-year-olds the absolute right to work in such establishments. Rather than creating an absolute right to work, the exception is a discretionary grant of permission for 18- to 21-year-olds to legally possess liquor if employed by those designated in the act. If the individual is so employed, then his or her presence in an establishment such as defendant's is permissible as part of the employment. We do not find this comparable to the alleged claimed right of plaintiff to be present in the establishment as a patron.

Because of his age, plaintiff had no right to be on the premises. He has no cause of action under the circumstances here.

Affirmed. Costs to be paid by plaintiff.