TOBIAS v PHELPS

Docket No. 78233. Submitted April 10, 1985, at Lansing.—Decided
    July 15, 1985. Leave to appeal denied, 424 Mich —.
    Stuart Tobias, as personal representative of the estate of Rogene
        Weir, brought an action in Washtenaw Circuit Court against
        Dr. Shirley J. Phelps and Dr. Douglas A. Devens, physicians
        employed by the State of Michigan at the Ypsilanti Forensic
        Center. The first count of the plaintiff's complaint sought
        damages under 42 USC 1983, alleging that defendants' failure
        to provide treatment for the deceased's asthma condition re-
        sulted in the deceased's death and constituted a violation of the
        deceased's civil right to adequate medical treatment. Count two
        of the complaint alleged negligence in the treatment of the
        deceased, resulting in the deceased's death. Defendants moved
        for summary judgment on the basis that plaintiff failed to
        plead a claim upon which relief can be granted. The trial court,
        Edward D. Deake, J., denied defendants' motion as to the 42
        USC 1983 civil rights count but granted defendants' motion on
        the negligence count, holding that plaintiff had failed to plead
        facts in avoidance of the defense of governmental immunity
        which had been raised by defendants. Plaintiff appealed. Defen-
        dant Phelps cross-appealed. *Held:*
        1. A 42 USC 1983 civil rights action based upon the failure to
        provide a detainee with necessary treatment of a serious medi-
        cal need requires the allegation of acts or omissions sufficiently
        harmful to evidence deliberate indifference to serious medical

References for Points in Headnotes
[1] Am Jur 2d, Pleading § 230 *et seq.*
    Right to voluntary dismissal of civil action as affected by opponent's
    motion for summary judgment, judgment on the pleadings, or
    directed verdict. 36 ALR3d 1113.
[2, 8] Am Jur 2d, Penal and Correctional Institutions § 41 et seq.
    Relief under Federal Civil Rights Acts to state prisoners complain-
    ing of denial of medical care. 28 ALR Fed 279.
[3-7] Am Jur 2d, Municipal, School, and State Tort Liability § 45 *et
    seq.*
    Modern status of rule excusing governmental unit from tort liabil-
    ity on theory that only general, not particular, duty was owed
    under circumstances. 38 ALR4th 1194.

needs. Allegations of negligence or medical malpractice are insufficient. Plaintiff's allegations that defendants were aware that the deceased was in dire need of medication and yet ignored the deceased's complaints and failed to inform the staff of decedent's serious conditions were sufficient to establish deliberate indifference by defendants such as will support a 42 USC 1983 action. The trial court properly denied defendants' motion for summary judgment as to the civil rights claim.

2. A governmental employee is immune from liability for negligent acts or omissions if the employee was acting during the course of his or her employment and within the scope of his or her authority, was acting in good faith, and was performing discretionary, as opposed to ministerial, acts. While the defendants' decisions whether to wean the deceased from her asthma medication and whether and how often to monitor the deceased's condition involved medical decisions which were discretionary acts, the actual execution of those discretionary acts by the defendants was a ministerial act which is not subject to governmental immunity protection. Accordingly, the trial court erred in granting defendants' motion for summary judgment as to the negligence count.

Affirmed in part, reversed in part and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment for failure to state a claim for which relief can be granted is tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may be fairly drawn from the facts alleged and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. CIVIL RIGHTS — MEDICAL CARE — PRISONS AND PRISONERS — ACTIONS.

The pleadings for a civil rights claim brought pursuant to 42 USC 1983 for failure to provide medical treatment to a detainee in a penal institution must contain allegations of acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs; allegations of negligence or medical malpractice relative to the treatment of the detainee are not sufficient to state a cause of action for deprivation of civil rights such as will permit an action under 42 USC 1983.

3. GOVERNMENTAL IMMUNITY — GOVERNMENT EMPLOYEES.

> Public employees are immune from tort liability only when they are 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, 2) acting in good faith, and 3) performing discretionary, as opposed to ministerial, acts.

4. WORDS AND PHRASES — MINISTERIAL — DISCRETIONARY — GOVERNMENTAL IMMUNITY.

> The distinction between a "discretionary" act and a "ministerial" act is that the former involves significant decision-making while the latter involves the execution of a decision and might entail some minor decision-making.

5. GOVERNMENTAL IMMUNITY — GOVERNMENT EMPLOYEES.

> The question of the existence and scope of an individual government employee's immunity from tort liability in a particular situation requires examination of the specific acts complained of, rather than the general nature of the employee's activities; the ultimate goal of that inquiry is to afford the government officer, employee or agent enough freedom to decide the best method of carrying out his or her duties, while ensuring that the goal is realized in a conscientious manner.

6. GOVERNMENTAL IMMUNITY — DISCRETIONARY DECISIONS — MEDICAL DECISIONS.

> Medical decision-making is inherently a discretionary process; however, execution of those medical decisions may be a ministerial act.

7. GOVERNMENTAL IMMUNITY — GOVERNMENT EMPLOYEES — DISCRETIONARY DECISIONS — MINISTERIAL ACTS.

> Making a distinction between discretionary and ministerial acts may pose great conceptual difficulties in cases where a person carries out his or her own discretionary determinations; however, that question must be addressed where a governmental employee carried out his or her own discretionary determination, since the existence of governmental immunity for such an employee turns upon whether he or she was acting in a discretionary or ministerial manner and the execution of a discretionary decision is a ministerial act.

8. CIVIL RIGHTS — MEDICAL CARE — PRISONS AND PRISONERS — GOOD FAITH.

> Implicit in any sufficient complaint in a civil rights action brought under 42 USC 1983 for violation of a penal institution detainee's right to medical treatment is that the government

employee named as defendant was not acting in good faith, since such an action is premised on the defendant's deliberate indifference to the serious medical needs of the detainee.

*Charfoos, Christensen & Archer, P.C.* (by *Adrienne G. Southgate),* for plaintiff.

*Taub, Still, Nemier & Winter, P.C.* (by *Craig L. Nemier* and *Donald J. Trybus),* for Shirley J. Phelps.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patrick J. Devlin,* Assistant Attorney General, for Douglas A. Devens.

Before: R. B. B‍URNS, P.J., and S‍HEPHERD and B. A. J‍ASPER,* JJ.

S‍HEPHERD, J. Plaintiff appeals as of right from the dismissal of his medical malpractice claim against defendants, Dr. Shirley J. Phelps and Dr. Douglas A. Devens. The trial court held that plaintiff had failed to plead facts in avoidance of governmental immunity. GCR 1963, 117.2(1). We reverse this decision in part, and remand for further proceedings. Defendant Phelps cross-appeals from the trial court's denial of defendants' motion for summary judgment as to plaintiff's civil rights claim, brought under 42 USC 1983, that defendants violated the decedent's constitutional rights by their failure to provide necessary medical care. We affirm this decision.

A motion for summary judgment under GCR 1963, 117.2(1) tests the legal basis of the complaint, not the plaintiff's ability to prove his allegations. We must rely on the pleadings alone and

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

accept as true all well-pleaded facts, along with any inferences or conclusions which may fairly be drawn from those facts. We will not affirm the grant, or reverse the denial, of a motion for summary judgment unless plaintiff's claim is so clearly unenforceable as a matter of law that no factual development could possibly furnish a basis for recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984); *Findling v T P Operating Co,* 139 Mich App 30, 34; 361 NW2d 376 (1984); *Blake v Consolidated Rail Corp,* 129 Mich App 535, 543; 342 NW2d 599 (1983).

Plaintiff alleges that the decedent, Rogene Weir, was committed to the Ypsilanti Forensic Center on October 17, 1981. Defendants are physicians who act as "agents, servants and/or employees" of the Michigan Department of Mental Health and the Ypsilanti Forensic Center. Several months after her commitment to the center, the decedent "was being weaned off her asthma medications in order to undergo a surgical procedure". Weir "began experiencing increasing difficulty with her asthmatic condition and began to beg" defendants and other staff members for her asthma medications. Her condition worsened. On the morning of March 12, 1981, Weir was sent to one of the "quiet rooms" in the center as punishment for failing to dress. The staff found her dead in the room "within an hour".

In Count I of the complaint, plaintiff asserted that the decedent had been deprived of her constitutional right to receive medical treatment during her commitment and that her death resulted from this deprivation. According to plaintiff, the "decedent's condition was so obvious and severe as to render proper medical attention essential for the preservation of her health and life", defendants "ignored" the decedent's serious condition, and

defendants had not "related to or explained [decedent's condition] to the staff members" of the facility.

In Count II, plaintiff set forth a claim of professional negligence or malpractice. Plaintiff alleged that defendants breached the applicable standard of care in the following ways:

"(a) Weaning Plaintiff's decedent off her asthma medication without providing any substitute therapy to relieve the aggravated symptoms of that condition;

"(b) Failing to properly monitor Plaintiff's decedent's condition while she was being weaned from her asthma medication;

"(c) Failing to properly instruct the staff members of THE YPSILANTI FORENSIC CENTER concerning Plaintiff's decedent's condition."

We review the trial court's decision on these claims in the order of their appearance in the complaint.

## Deprivation of Constitutional Right to Treatment for Serious Medical Need

In order to state a claim under 42 USC 1983 for deprivation of medical treatment, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs". *Estelle v Gamble,* 429 US 97, 106; 97 S Ct 285; 50 L Ed 2d 251 (1976); *Mosqueda v Macomb County Youth Home,* 132 Mich App 462, 473; 349 NW2d 185 (1984). Allegations of negligence or medical malpractice are insufficient. *Estelle v Gamble, supra.* A medical need is serious if it is one that has been diagnosed by a physician as requiring treatment or it is so obvious that even a layperson would recognize the necessity of medical attention. *Rushing v Wayne County,* 138 Mich App

121, 146; 358 NW2d 904 (1984). To have acted with "deliberate indifference", defendants must have either intentionally denied or unreasonably delayed treatment of a discomfort-causing ailment or wilfully failed to provide prescribed treatment without medical justification. *Brewer v Perrin,* 132 Mich App 520, 530; 349 NW2d 198 (1984). In *Westlake v Lucas,* 537 F2d 857, 861 (CA 6, 1976), the court held sufficient to withstand a motion for dismissal plaintiff's allegations "that he was forced to endure a period of intense discomfort because his pleas for medical assistance went unheeded". See, *Mosqueda, supra,* p 472.

Defendant Phelps argues that, in essence, Count I of the complaint contains allegations of mere negligence or malpractice. We agree that the intial decision to wean the decedent from asthma medications was, at most, a mistaken exercise of medical judgment which cannot give rise to liability under 42 USC 1983. However, plaintiff bases his claim on events which occurred after that decision was made. We agree with the trial court that the allegations in the complaint, if true, indicate deliberate indifference to decedent's serious medical needs after that initial decision was made. If we believe plaintiff, the decedent was in dire need of medication, defendants were aware of this need, yet defendants ignored the decedent's complaints and failed to inform the staff of decedent's serious condition. The initial decision to cease providing the medication to the decedent was part of a course of medical treatment preparatory to surgery and cannot support a finding of "deliberate indifference". *Estelle v Gamble, supra.* Nevertheless, it indicates that defendants must have been aware of decedent's asthmatic condition. If plaintiff's allegations are true, defendants turned their backs on the decedent during the process of wean-

ing her from the medication. This claim is not so clearly unenforceable that no factual development could support a judgment for plaintiff.

## NEGLIGENCE

The trial court held that plaintiff failed to plead facts in avoidance of governmental immunity. Unlike the trial court, we now have the benefit of the Supreme Court's opinion in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), "a much needed and generally anticipated clarifying opinion" which applies "to all cases on appeal at the time it was decided, and to all future cases". *Faigenbaum v Oakland Medical Center*, 143 Mich App 303, 313; 373 NW2d 161 (1985). To the extent that our application of the principles enunciated in *Ross, supra*, dictates a different result than that reached by the trial court, we cannot say that the trial court "erred" at all. The pre-*Ross* case law was, as the Supreme Court admitted in *Ross, supra*, p 596, "confused, often irreconcilable, and of little guidance to the bench and bar".

Under *Ross, supra*, pp 633-634, defendants are immune from liability for negligent acts or omissions if they were:

"1) acting during the course of their employment and acting, or reasonably believe[d] they [were] acting, within the scope of their authority;

"2) acting in good faith; and

"3) performing discretionary, as opposed to ministerial acts." (Footnote omitted.)

Plaintiff alleges that defendants were employed by the Department of Mental Health at the Ypsilanti Forensic Center and that they owed a duty to the decedent. These allegations establish that de-

fendants were acting during the course of their employment and acting, or reasonably believed they were acting, within the scope of their authority.

Were the acts complained of ministerial or were they discretionary? In *Ross, supra,* pp 634-635, the Supreme Court explained the distinction as follows:

"'Ministerial' acts have been defined as those which constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice. * * * We believe that this definition is not sufficiently broad. *An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual is a ministerial act,* which must be performed in a nontortious manner. In a nutshell, *the distinction between 'discretionary' and 'ministerial' acts is that the former involves significant decision-making, while the latter involves the execution of a decision and might entail some minor decision-making.* Here too, for clarity, we would add the word 'operational' so the operative term would be 'ministerial-operational' acts.

"Many individuals are given some measure of discretionary authority in order to perform their duties effectively. Therefore, to determine the existence and scope of the individual's immunity from tort liability in a particular situation, *the specific acts complained of, rather than the general nature of the activity, must be examined.* The ultimate goal is to afford the officer, employee, or agent enough freedom to decide the best method of carrying out his or her duties, while ensuring that the goal is realized in a conscientious manner." (Emphasis added, citation omitted.)

See, also, *Bandfield v Wood,* 421 Mich 774; 364 NW2d 280 (1985).

In numerous, pre-*Ross* decisions, this Court concluded that medical decision-making is inherently

discretionary. *Adams v Northville State Hospital,* 131 Mich App 583, 585; 345 NW2d 207 (1983); *Hamilton v Reynolds,* 129 Mich App 375, 381; 341 NW2d 152 (1983); *Fuhrmann v Hattaway,* 109 Mich App 429, 436-437; 311 NW2d 379 (1981), *lv den* 414 Mich 858 (1982); *O'Toole v Fortino,* 97 Mich App 797, 811; 295 NW2d 867 (1980).

Turning to the present case, we believe that the acts complained of include both medical decisions, which are discretionary in nature, and "execution" of those decisions, which is a ministerial act. *Ross, supra.* The decisions whether to wean decedent from the medication and whether or how often to monitor her condition during the weaning process involved medical judgments. These are discretionary determinations. However, if defendants in fact decided that monitoring was necessary to guard against deterioration of the decedent's condition, negligent execution[1] of that decision would fall outside the scope of their individual immunity. Thus, a complete failure to monitor her condition might subject defendants to liability, if defendants had decided that monitoring was necessary. In addition, if defendants decided that monitoring was necessary, a failure to inform or properly inform the staff of the decedent's condition was a ministerial act. We draw this conclusion based on a fair inference that defendants would not be in a position to personally monitor the decedent at all times. If defendants decided that the decedent's condition bore close observation, informing the staff of her condition involved the "execution" of that decision. *Ross, supra.*

We recognize that the distinction between discretionary and ministerial acts may pose great conceptual difficulties in cases in which the same

[1] By "negligent execution" we mean conduct which does not meet the applicable standard of care, as shown by expert testimony.

defendant carried out his or her own discretionary determinations. It also presents a problem for the injured plaintiff, who, to some degree, may have to probe the individual defendant's memory to trace the thoughts or omissions which led to the injury. But we must face these problems, given the Supreme Court's statement that "the actual execution of [a discretionary] decision by the same individual is a ministerial act". *Ross, supra,* p 635. The Supreme Court applied this distinction in *Willis v Michigan,* one of the cases before it in *Ross, supra,* 420 Mich 639-640.

We also conclude that plaintiff's allegations, if true, might support a finding that defendants did not act "in good faith". *Ross, supra.* Indeed, if they were deliberately indifferent to the decedent's serious medical needs and, therefore, liable under 42 USC 1983, then they could not have been acting in good faith. In *Estelle v Gamble, supra,* 429 US 104, the United States Supreme Court held "that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" forbidden by the Eighth Amendment. Such a state of mind is utterly inconsistent with good faith.

## Conclusion

We affirm the trial court's denial of summary judgment on plaintiff's claim under 42 USC 1983. As to the negligence claim, we reverse the grant of summary judgment in part and remand for further proceedings consistent with this opinion. Our opinion does not foreclose later motions for summary disposition under MCR 2.116(C)(10).