### HARRIS v CITY OF DETROIT

Docket No. 85867. Submitted November 18, 1986, at Detroit. Decided March 27, 1987.

Robert Harris was arrested and confined following a traffic stop in the City of Detroit. He subsequently filed suit against the City of Detroit in Wayne Circuit Court, alleging inter alia that defendant violated his civil rights while he was confined by denying him medical services needed following an assault. The court, Michael L. Stacey, J., granted summary disposition in favor of defendant on plaintiff's civil rights claim, finding that plaintiff had failed to adequately state a cause of action under 42 USC 1983. Plaintiff's motion to amend his complaint was also denied. Plaintiff appealed.

The Court of Appeals *held:*

1. Plaintiff's original complaint failed to plead the existence of any custom or policy which may have contributed to the injuries he allegedly suffered or to the alleged denial of medical services. Thus, the complaint was legally insufficient as a matter of law. Furthermore the original complaint was legally insufficient since it did not allege specific constitutional rights which were violated. The trial court did not err in granting summary disposition in favor of defendant.

2. The trial court did not abuse its discretion in denying plaintiff's motion to amend his complaint. Plaintiff's proposed amended complaint failed to state the highly specific facts necessary to support a claim under 42 USC 1983.

Affirmed.

1. CIVIL RIGHTS — DEPRIVATION OF CIVIL RIGHTS — MUNICIPAL CORPORATIONS.

A municipality may be held liable under 42 USC 1983 for violation of a plaintiff's civil rights only if it has a policy, practice, or custom which resulted in the alleged violation of

REFERENCES

Am Jur 2d, Civil Rights § 396 *et seq.*

Supreme Court's construction of Civil Rights Act 1871 (42 USCS sec. 1983) providing private right of action for violation of federal rights. 43 L Ed 2d 833.

constitutional rights; in order to demonstrate the existence of such a policy, more than proof of a single incident of misconduct is necessary, and these incidents must be affirmatively linked to the adoption of the policy by the municipality.

2. CIVIL RIGHTS — DEPRIVATION OF CIVIL RIGHTS — PLEADING.

A plaintiff asserting a claim of violation of civil rights under 42 USC 1983 must assert that the execution of a governmental policy resulted in a deprivation of constitutional rights and must also specifically plead the constitutional rights which have been violated.

3. CIVIL RIGHTS — DEPRIVATION OF CIVIL RIGHTS — MEDICAL TREATMENT — PLEADING.

A plaintiff asserting a claim under 42 USC 1983 for deprivation of medical treatment must allege facts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

4. CIVIL RIGHTS — DEPRIVATION OF CIVIL RIGHTS — PLEADING.

Mere conclusory allegations are not sufficient to plead a cause of action under 42 USC 1983.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Kenneth Guinn Harlan*), for plaintiff.

*Donald Pailen,* Corporation Counsel, and *William L. Woodard* and *Linda D. Fegins,* Assistant Corporation Counsel, for defendant.

Before: J. H. GILLIS, P.J., and MACKENZIE and R. ROBINSON,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant. We affirm.

On September 26, 1983, plaintiff filed a complaint against defendant city alleging three causes of action, all of which arose out of plaintiff's arrest and confinement on September 10, 1982, following

* Former circuit judge, sitting on the Court of Appeals by assignment.

a traffic stop. A portion of Count III of the complaint is pertinent to the instant appeal. There, plaintiff alleged that while he was confined defendant violated his civil rights pursuant to 42 USC 1983 by denying him medical services needed following an assault.

Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(4), (7), and (8), alleging that plaintiff failed to state a valid claim upon which relief could be granted and that plaintiff failed to allege facts in avoidance of governmental immunity. Plaintiff subsequently filed a motion for leave to amend the complaint.

At the hearing on the parties' motions, the relevant question before the trial court was whether plaintiff's original complaint or proposed amended complaint adequately stated a 42 USC 1983 cause of action against the city based on plaintiff's contention that he was intentionally deprived of medical treatment. The trial court essentially ruled that neither complaint was sufficient and accordingly granted defendant's motion for summary disposition and denied plaintiff's motion to amend his complaint.

On appeal, plaintiff first contends that the trial court erred in dismissing his claim of deprivation of medical treatment by the city in violation of 42 USC 1983. Plaintiff concedes that the city may not be held liable under § 1983 on a respondeat superior theory. See *Monell v Dep't of Social Services of City of New York,* 436 US 658, 691; 98 S Ct 1028; 56 L Ed 2d 611 (1978); *City of Oklahoma City v Tuttle,* 471 US 808, 820-822; 105 S Ct 2427; 85 L Ed 2d 791 (1985). Nevertheless, plaintiff maintains that his complaint sufficiently stated a claim so that summary disposition was improperly granted. We disagree.

A motion for summary judgment for failure to

state a claim upon which relief can be granted challenges the legal sufficiency of a plaintiff's claim and should be considered by an examination of the pleadings alone. *Demings v Ecorse,* 127 Mich App 608, 622-623; 339 NW2d 498 (1983), mod on other grounds 423 Mich 49 (1985); *McMath v Ford Motor Co,* 77 Mich App 721; 259 NW2d 140 (1977). This Court has recognized that the test is whether the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly furnish a basis for recovery, *Tobias v Phelps,* 144 Mich App 272; 375 NW2d 365 (1985), lv den 424 Mich 859 (1985); *Findling v T P Operating Co,* 139 Mich App 30, 34; 361 NW2d 376 (1984), lv den 422 Mich 966 (1985); quoting *Reed v St Clair Rubber Co,* 118 Mich App 1, 5; 324 NW2d 512 (1982); *McMath, supra,* or whether the pleadings disclose a fatal defect which could not be overcome by an opportunity to amend, *Nuyen v Slater,* 372 Mich 654; 127 NW2d 369 (1964).

A municipality may be held liable under 42 USC 1983 only if it has a policy, practice, or custom which resulted in the alleged violation of constitutional rights. *Monell, supra,* 436 US 694. In order to demonstrate the existence of such a policy, more than proof of a single incident of misconduct is necessary, *Oklahoma City, supra,* and these incidents must be affirmatively linked to the adoption of the policy by the municipality. *Rizzo v Goode,* 423 US 362, 371; 96 S Ct 598; 46 L Ed 2d 561 (1976); *Napier v Jacobs,* 145 Mich App 285; 377 NW2d 879 (1985); *Wincher v Detroit,* 144 Mich App 448, 453; 376 NW2d 125 (1985), lv den 424 Mich 872 (1986).

In addition to asserting that the execution of a governmental policy resulted in a deprivation of constitutional rights, a § 1983 plaintiff must also specifically plead the constitutional rights which

have been violated. *Paul v Davis,* 424 US 693, 699-700; 96 S Ct 1155; 47 L Ed 2d 405 (1976). Where, as here, a plaintiff asserts a claim under 42 USC 1983 for deprivation of medical treatment, facts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs must be alleged. *Estelle v Gamble,* 429 US 97, 106; 97 S Ct 285; 50 L Ed 2d 251 (1976), reh den 429 US 1066 (1977). This Court in *Tobias, supra,* stated:

> A medical need is serious if it is one that has been diagnosed by a physician as requiring treatment or it is so obvious that even a layperson would recognize the necessity of medical attention. *Rushing v Wayne Co,* 138 Mich App 121, 146; 358 NW2d 904 (1984). To have acted with "deliberate indifference", defendants must have either intentionally denied or unreasonably delayed treatment of a discomfort-causing ailment or wilfully failed to provide prescribed treatment without medical justification. *Brewer v Perrin,* 132 Mich App 520, 530; 349 NW2d 198 (1984). In *Westlake v Lucas,* 537 F2d 857, 861 (CA 6, 1976), the court held sufficient to withstand a motion for dismissal plaintiff's allegations "that he was forced to endure a period of intense discomfort because his pleas for medical assistance went unheeded". [144 Mich App 277-278.]

In the instant case, plaintiff's original complaint failed to plead the existence of any custom or policy which may have contributed to the injuries he allegedly suffered or to the alleged denial of medical services. Thus, it was legally insufficient as a matter of law. Moreover, the original complaint was legally insufficient since it did not allege specific constitutional rights which were violated. Accordingly, the trial court did not err in granting summary disposition in favor of defendant.

Plaintiff argues that the facts in *Tobias, supra,* found to be legally sufficient to state a claim of medical deprivation under 42 USC 1983, are sufficiently similar to the instant case to warrant reversal of the trial court's ruling. Even were we to accept this argument, reversal would not be mandated. In *Tobias,* the plaintiff sued individual physicians directly. In the instant case, defendant is a municipality. Unlike the plaintiff in *Tobias,* it was incumbent upon plaintiff in this case to allege that the city had a specific policy which caused plaintiff's injuries in order to be held in violation of § 1983, in accordance with *Monell, supra.* As previously noted, plaintiff's original complaint failed to make such a specific allegation. Thus, in this respect *Tobias* is inapposite to the instant case.

Plaintiff also argues that, in granting defendant's motion for summary disposition, the trial court went beyond the scope of review appropriate for the motion by looking beyond the pleadings and inquiring into the factual support for his claims. A review of the record makes it apparent that the inquiry by the trial court into plaintiff's factual support was directed to deciding plaintiff's motion to amend his complaint, not the motion for summary disposition. Thus reversal on this ground is unwarranted.

Plaintiff next contends that the trial court abused its discretion in denying his motion to amend his complaint. The grant or denial of a motion to amend a pleading is discretionary with the trial court. *Central Advertising Co v Novi,* 91 Mich App 303, 317; 283 NW2d 730 (1979). This Court will not reverse a trial court's decision to allow or disallow an amendment of a pleading absent an abuse of discretion. *Robertson v Detroit,* 131 Mich App 594, 599; 345 NW2d 695 (1983);

*Commodities Export Co v Detroit,* 116 Mich App 57, 70-71; 321 NW2d 842 (1982). MCR 2.118 provides that leave to amend shall be freely given when justice so requires. See also *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). The Michigan Supreme Court has acknowledged the federal source of Rule 118, predecessor of 2.118, and has been guided by the federal precedents. *LaBar v Cooper,* 376 Mich 401, 405; 137 NW2d 136 (1965).

In this case, plaintiff sought to clarify his contention that defendant violated 42 USC 1983 by alleging in his proposed amended complaint the following:

> 15. That on or about September 10, 1982, said police officers detained Plaintiff in a jail cell while Plaintiff was injured and bleeding and refused to allow Plaintiff to receive medical care or attention despite his requests for such care.
> 16. That the aforementioned actions of Defendant police officers were carried out in conformance with the official policy or custom of Defendant City of Detroit.
> 17. That the above actions and the denial of medical care constitutes deliberate indifference to Plaintiff's serious medical needs, and amounts to a denial of Plaintiff's rights guaranteed to him as a citizen of the United States by the Eighth and fourteenth [sic] Amendments of the United States Constitution.
> 18. That such denial of Plaintiff's constitutional guarantees is a violation of 42 USC 1983.

In order to sufficiently plead a cause of action under 42 USC 1983, plaintiff must state highly specific facts in support of his claim. Mere conclusory allegations are not sufficient. *German v Killeen,* 495 F Supp 822 (ED Mich, 1980). Contrary to this requirement, the allegations in plaintiff's

amended complaint constitute conclusory statements unsupported by facts necessary to sufficiently state a claim upon which relief can be granted. Plaintiff merely alleges that the police officers possessed a deliberate indifference to his serious medical needs in conformance with an official policy. He does not set forth any specifics regarding the alleged policy nor does he aver that this was not an isolated incident. Thus, a grant of plaintiff's motion for leave to amend his complaint would have been futile and was properly denied. See *Ben P Fyke & Sons, supra.*

Affirmed.