CANON v BERNSTEIN

Docket No. 77820. Submitted May 9, 1985, at Lansing.—Decided
August 5, 1985. Leave to appeal applied for.

Plaintiffs, Jack C. Canon and Beverly A. Canon, individually and
as co-guardians of Marcia L. Canon, brought an action against
Michael H. Bernstein, M.D., Donna Thumudo, M.S.P.S., Delores
McKeon, R.N. and Livingston County Community Mental
Health Services, alleging medical malpractice and breach of
implied contract in the care and treatment of Marcia Canon,
who was an outpatient at the mental health facility. Marcia
Canon severely injured herself when she jumped from a second-
story window of her home. The Livingston Circuit Court, Stan-
ley J. Latreille, J., granted summary judgment in favor of
defendants on both counts on the basis of governmental immu-
nity, holding that the breach of contract claim was merely
redundant of the malpractice claim. Plaintiffs appealed. *Held:*

1. Livingston County Community Mental Health Services,
which is a public mental health facility, was involved in a
governmental activity within the meaning of the governmental
immunity act as interpreted by the Supreme Court in *Ross v
Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984),
when it provided treatment and counseling. Further, there is
no distinction between inpatient and outpatient facilities for
purposes of governmental immunity. Summary judgment was
properly granted in favor of the mental health facility on the
medical malpractice claim.

2. The individual defendants, employees of the mental health
facility, were properly granted summary judgment, as there
were no allegations that they acted outside the scope of their

REFERENCES FOR POINTS IN HEADNOTES

[1-3] Am Jur 2d, Municipal, School, and State Tort Liability § 27 *et
seq.*

Modern status of rule excusing governmental unit from tort liabil-
ity on theory that only general, not particular, duty was owed
under circumstances. 38 ALRth 1194.

[3] Am Jur 2d, Pleading § 230 *et seq.*

See the annotations in the ALR3d/4th Quick Index under topic
Hospitals § 3.

employment or authority, in bad faith, or that their acts were ministerial rather than discretionary.

3. The implied contract claim was alleged only against the health facility. Plaintiffs' pleadings on this claim were sufficient to state a cause of action for breach of implied contract. Summary judgment on this claim was improper. The governmental immunity act will not bar a nontort cause of action simply because the underlying facts could also establish a tort cause of action.

Affirmed in part, reversed in part.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

A governmental function, for purposes of immunity from tort liability, is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law and does not otherwise fall within a statutory exception to the governmental immunity act (MCL 691.1407; MSA 3.996[107]).

2. GOVERNMENTAL IMMUNITY — GOVERNMENT EMPLOYEES.

Lower level officials, employees and agents of governmental agencies are immune from tort liability only when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, rather than ministerial acts.

3. PLEADING — BREACH OF IMPLIED CONTRACT — SUMMARY JUDGMENT — GOVERNMENTAL IMMUNITY.

A complaint which alleges that the plaintiff contracted with a defendant governmental mental health facility for her care, that she paid valuable consideration for such care, and that the defendant committed acts which breached its duty of care and breached the employment contract is a sufficient pleading of a breach of implied contract to survive a motion for summary judgment based on governmental immuntiy; the governmental immunity act will not bar recovery on a nontort cause of action simply because the underlying facts could have also established a tort cause of action (MCL 691.1407; MSA 3.996[107]).

*The O'Bryan Law Center* (by *D. Michael O'Bryan), for plaintiffs.*

Siemion, Huckabay, Bodary, Padilla & Morganti, P.C. (by *Raymond W. Morganti),* for defendant Bernstien.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Owen J. Cummings* and *Kenneth A. Slusser)*, for defendants Thumudo, McKeon, and Livingston County Community Mental Health Services.

Before: R. B. BURNS, P.J., and BRONSON and R. L. TAHVONEN,* JJ.

R. B. BURNS, P.J. In 1981, Marcia Lynn Canon was treated as an outpatient by the Livingston County Community Mental Health Services, a public mental health facility. Defendants Bernstein, Thumudo and McKeon are employees of the facility. On July 29, 1981, Marcia Canon jumped from the second story of her home and permanently injured herself. Plaintiffs filed suit against defendants alleging medical malpractice and breach of implied contract. Following hearing on motions brought by defendants, the trial court granted summary judgment in favor of defendants pursuant to GCR 1963, 117.2(1) based on governmental immunity. With respect to the implied contract claim, the judge held that it was "merely redundant of the malpractice claim and [could] not stand alone". Plaintiffs appeal and we affirm in part and reverse in part.

I

Is Livingston County Community Mental Health Services immune from tort liability?

In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), our Supreme Court redefined the parameters of statutory and common-law governmental immunity. The Court distinguished "sovereign" immunity *(i.e.,* state) from "non-sovereign" immunity *(i.e.,* municipality,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

county, etc.), but concluded that MCL 691.1407; MSA 3.996(107) applied uniformly to both. This statute provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

Noting that this provision "extends immunity to *all* governmental agencies for *all* tort liability *whenever* they are engaged in the exercise or discharge of a governmental function", the *Ross* Court determined "that the Legislature intended that the term 'governmental function' be interpreted in a broad manner". 420 Mich 618 (emphasis in original). The Court set forth an objective definition of "governmental function" in order to further this legislative judgment. The Court stated:

"[A] governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. When a governmental agency engages in mandated or authorized activities, it is immune from tort liability, unless the activity is proprietary in nature (as defined in § 13) or falls within one of the other statutory exceptions to the governmental immunity act. Whenever a governmental agency engages in an activity which is not expressly or impliedly mandated or authorized by constitution, statute, or other law (*i.e.,* an *ultra vires* activity), it is not engaging in the exercise or discharge of a governmental function. The agency is therefore liable for any injuries or damages incurred as a result of its tortious conduct." 420 Mich 620. (Footnote omitted.)

Plaintiffs have asserted that LCCMHS is both directly and vicariously liable for the injuries to Marcia Canon. *Ross* indicates that, regardless of the theory of liability, agency liability will not attach if the tortfeasor, whether it be the agency or its employees, was engaged in a governmental function.

The complaint identifies the activity engaged in by LCCMHS as the provision of counseling and medical treatment to Marcia Canon. Although plaintiffs aver that these services have a counterpart in the private sector, there is no allegation that these services are "proprietary" within the meaning of MCL 691.1413; MSA 3.996(113). *Ross* indicates (1) that the provision of counseling and treatment by LCCMHS is a governmental function, and (2) that the distinction between inpatient and outpatient facilities is without significant meaning for purposes of this analysis. Accordingly, we hold that LCCMHS was engaged in the exercise or discharge of a governmental function and is immune from liability under MCL 691.1407; MSA 3.996(107). Summary judgment was therefore properly granted to LCCMHS on plaintiffs' medical malpractice claim.

## II

Are the individual employees of LCCMHS immune from tort liability?

*Ross, supra,* pp 633-634, set the standard for employees of governmental agencies:

"Lower level officials, employees, and agents are immune from tort liability only when they are

"1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;

"2) acting in good faith; and

"3) performing discretionary, as opposed to ministerial acts." (Footnote omitted.)

Plaintiffs' complaint alleges seven specific breaches of duty against the individual defendants. They do not contend that the acts were disassociated with the course of employment or outside the scope of defendants' authority. There is no allegation that defendants acted in bad faith. The alleged breaches were all discretionary acts. Therefore, the trial court was correct in granting summary judgment denying tort liability.

## III

Can plaintiffs' implied contract claim withstand summary judgment?

In *Rocco v Dep't of Mental Health,* 420 Mich 647, a case consolidated with *Ross,* the Court stated:

> "*Defendants* recognize that the governmental immunity act grants immunity only from tort liability, but *maintain that plaintiffs' contract claim should be dismissed because it merely restates the allegations contained in their tort count.* We disagree. *Defendants brought their motion for summary judgment* under GCR 1963, 117.2(1). Such motions test the legal basis of the complaint, not whether it can be factually supported. Accepting as true a plaintiff's allegations, and any conclusions that may reasonably be drawn therefrom, the motion must be denied unless the claim is so clearly unenforceable as a matter of law that no factual development could justify a right to recover. *Although most of the allegations contained in Counts I and II are identical, the latter count also alleges that plaintiffs contracted and agreed with defendants for decedent's care and treatment; plaintiffs paid valuable consideration for decedent's care; and defendants breached their*

*contractual duties to plaintiffs and decedent. These allegations are sufficient to withstand defendants' challenge."* (Emphasis added.)

As in *Rocco*, in the instant case, (1) the implied contract claim appears to restate the negligence claim; (2) the defendants moved for summary judgment under GCR 1963, 117.2(1); (3) the complaint alleges that Marcia Canon contracted and agreed with and employed LCCMHS for her treatment; (4) that she paid valuable consideration; and (5) that "defendant committed acts of omission or commission thereby breaching its duty of care and further consitituting a breach of the said employment agreement". It appears that this claim is alleged only against LCCMHS and not the individual defendants. The requisite elements of implied contract, as set forth in *Rocco, supra,* have been sufficiently pled. Since the summary judgment motion can be tested only on the pleadings, the motion was erroneously granted pursuant to GCR 1963, 117.2(1). Although this may have merely been an attempt to avoid governmental immunity, the *Ross* Court states:

"We recognize that plaintiffs have and will attempt to avoid § 7 of the governmental immunity act by basing their causes of action on theories other than tort. Trial and appellate courts are routinely faced with the task of determining whether the essential elements of a particular cause of action have been properly pleaded and proved. If a plaintiff successfully pleads and establishes a non-tort cause of action, § 7 will not bar recovery simply because the underlying facts could have also established a tort cause of action." 420 Mich 647-648.

Defendants alternatively maintain that plaintiffs will not be able to establish the implied contract claim. They allege that Marcia Canon did not pay

valuable consideration. Apparently, defendants' records show that her out-of-pocket payments amounted to $2. These facts were not presented below and have not been stipulated to on appeal. Whether consideration was paid or whether it constituted "valuable consideration" is not before this Court. As summary judgment was granted pursuant to GCR 1963, 117.2(1), the sufficiency of the claim must be based on the pleadings alone.

Affirmed in part and reversed in part.