## COEN v OAKLAND COUNTY

Docket No. 85050. Submitted May 22, 1986, at Detroit. Decided July 11, 1986.

Catherine Coen brought an action in the Wayne Circuit Court against Oakland County, South Oakland Community Mental Health Clinic, a Division of Oakland County Community Mental Health Services, Patricia Hopson, M.D., who is employed by the county at the clinic, and others, alleging medical malpractice. Plaintiff alleged that she developed a permanent condition of tardive dyskinesia, a muscle disorder, as a result of being treated with certain antipsychotic drugs. Oakland County, South Oakland Community Mental Health Clinic and Patricia Hopson, M.D., brought a motion for summary judgment claiming that they were entitled to governmental immunity in this matter pursuant to statute and the common law. The trial court, Joseph B. Sullivan, J., granted the motion and dismissed plaintiff's claims against those defendants. Plaintiff appealed.

The Court of Appeals *held:*

1. The provision of mental health services by the county through the mental health clinic involves an activity impliedly mandated by the state constitution, i.e., the provision of institutions, programs and services to the county's inhabitants suffering from mental handicaps. The trial court did not err in finding that the county and the mental health clinic were engaged in a government function and were entitled to governmental immunity. Summary judgment was properly granted to the county and the mental health clinic.

2. The mental health clinic was not engaged in a proprietary function for purposes of the governmental immunity statute.

3. Dr. Hopson's decision to administer antipsychotic drugs to the plaintiff involved substantial medical judgment and constituted a discretionary act. Dr. Hopson was immune from any

REFERENCES

Am Jur 2d, Municipal, School, and State Tort Liability, §§ 27 *et seq.;* 45 *et seq.*

Governmental or proprietary nature of function. 40 ALR2d 927.

See also the annotations in the Index to Annotations under Governmental Immunity or Privilege.

tort claims arising from such decision. The trial court did not err in granting Dr. Hopson a summary judgment based upon governmental immunity.

Affirmed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS.

A governmental function, for purposes of the governmental immunity statute, is an activity which is expressly or impliedly mandated or authorized by constitution, statute or other law (MCL 691.1407; MSA 3.996[107]).

2. GOVERNMENTAL IMMUNITY — MENTAL HEALTH SERVICES — CONSTITUTIONAL LAW.

The provision of mental health services by a county through a mental health clinic is an activity impliedly mandated by the Michigan Constitution; such activity is not a proprietary function for purposes of the governmental immunity statute; the fact that the clinic competes to some extent with health care services provided in the private sector does not render the clinic's functions proprietary (Const 1963, art 4, § 51, and art 8, § 8; MCL 691.1407; MSA 3.996[107]).

3. GOVERNMENTAL IMMUNITY — PROPRIETARY FUNCTIONS.

The governmental immunity statute defines a proprietary function as any activity conducted primarily for pecuniary profit; the fact that a fee is charged for a particular portion of services, or that an incidental profit may be derived from such fees, does not transform an obvious governmental function into a proprietary one (MCL 691.1413; MSA 3.996[113]).

4. GOVERNMENTAL IMMUNITY — DISCRETIONARY DECISIONS — MEDICAL DECISIONS.

Medical decision making by a doctor employed by a governmental agency, such as the doctor's decision to administer certain drugs to a patient, constitutes a discretionary act for which the doctor is immune from tort liability; the execution of a medical decision involves ministerial acts for which governmental immunity is not available (MCL 691.1407; MSA 3.996[107]).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Jeremy L. Winer*), for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Paul S. Koczkur* and *Robert G. Chaklos, Jr.*), for Oakland County, South Oakland Community Mental Health Clinic, and Patricia Hopson, M.D.

Before: MacKenzie, P.J., and Beasley and C. W. Simon,* JJ.

Per Curiam. Plaintiff, Catherine Coen, filed a medical malpractice action against defendants, Oakland County, South Oakland Community Mental Health Clinic, a Division of Oakland County Community Mental Health Services, Patricia Hopson, M.D., Sinai Hospital of Detroit, Comprehensive Psychiatric Services, P.C., Sandra Silver, as personal representative of the estate of Richard Kalman, D.O., deceased, and William M. Leuchter, M.D. Defendants-appellees, Oakland County, South Oakland Community Mental Health Clinic (clinic), which is owned and operated by Oakland County, and Patricia Hopson, M.D., who is employed by Oakland County at the clinic, brought a motion for summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C) (7), claiming that they were entitled to governmental immunity in this matter pursuant to MCL 691.1407; MSA 3.996(107) and the common law. The trial judge granted defendants-appellees' motion for summary judgment and dismissed plaintiff's claims against defendants-appellees. Plaintiff appeals as of right.

The facts which gave rise to plaintiff's claim are not in serious dispute. Plaintiff is a young female who suffered from paranoid schizophrenia. From January, 1982, until December, 1982, she was treated by a private physician, defendant Richard Kalman, D.O. Dr. Kalman administered antipsychotic drugs to plaintiff. The antipsychotic drugs (Haldol and Mellaril) that were administered to plaintiff sometimes produce a side effect known as tardive dyskinesia. Tardive dyskinesia is a muscle disorder which causes uncontrollable muscle spasms, jerking and other disabling side effects.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff alleges that she began suffering symptoms of tardive dyskinesia in November, 1982. She goes on to allege that when symptoms of tardive dyskinesia appear, drug therapy should be discontinued. Despite the appearance of these symptoms, defendant Dr. Kalman allegedly continued administering antipsychotic drugs to plaintiff. We note that plaintiff's claims of medical malpractice against her private physician, defendant Kalman, are still pending and were not affected by the trial judge's grant of summary judgment to defendants-appellees.

In January, 1983, plaintiff began treating with defendant Dr. Hopson at defendant clinic. At this time, plaintiff allegedly continued to exhibit symptoms of tardive dyskinesia. Despite these symptoms, defendant Hopson allegedly continued treating plaintiff with the antipsychotic drugs through March, 1983. In March, 1983, plaintiff was admitted to Harper Grace Hospital where it was determined that she had developed a permanent condition of tardive dyskinesia.

On appeal, plaintiff first argues that the trial judge erred in granting summary judgment to defendant Oakland County and defendant clinic based on the governmental immunity statute.[1] In making this argument, plaintiff asserts that defendant Oakland County was not discharging a governmental function in operating the defendant clinic and, thus, neither defendant Oakland County nor defendant clinic were entitled to governmental immunity under the statute. We disagree.

In *Ross v Consumers Power Co (On Rehearing)*,[2] the Michigan Supreme Court set out a broad test

---

[1] MCL 691.1407; MSA 3.996(107).

[2] 420 Mich 567; 363 NW2d 641 (1984).

for determining whether an activity involves a governmental function. The *Ross* Court concluded that a governmental function, for purposes of the governmental immunity statute, is an activity which is expressly or impliedly mandated or authorized by constitution, statute or other law.[3] Applying the *Ross* test to this situation, we conclude that the provision of mental health services by defendant Oakland County through defendant clinic involves an activity impliedly mandated by the state constitution. Specifically, Const 1963, art 4, § 51 and art 8, § 8 impliedly mandate defendant Oakland County to provide institutions, programs and services to its inhabitants suffering from mental handicaps.

In reaching our conclusion, we note that in *Canon v Bernstein*[4] this Court recently applied the *Ross* governmental function test and held that the provision of counseling and treatment to an outpatient by the Livingston County Community Mental Health Services facility was a governmental function and, thus, immune from tort liability under the statute. The *Canon* decision is directly analogous to the situation presented in the within case, and we agree with the conclusion reached in that case. Therefore, we conclude that the trial judge did not err in finding that defendant Oakland County and defendant clinic were engaged in a governmental function for purposes of the governmental immunity statute.

Plaintiff goes on to assert that the governmental activities of defendant clinic, which allegedly charged plaintiff a fee for its services, are proprietary in nature and, thus, the clinic is not entitled to governmental immunity pursuant to MCL

---

[3] *Id.,* p 620.

[4] 144 Mich App 604; 375 NW2d 773 (1985), lv gtd 425 Mich 851 (1986)

691.1413; MSA 3.996(113). We disagree. The statute defines proprietary function as any activity conducted primarily for pecuniary profit. The *Ross* Court held that the fact that a fee is charged for a particular portion of service, or that an incidental profit may be derived from such fees, does not transform an obvious governmental function into a proprietary one.[5]

In *Faigenbaum v Oakland Medical Center*[6] the Court found that in this age of governmental subsidies for health care it cannot be seriously maintained that the operation of a governmental care facility is a "proprietary function." We agree with the conclusion reached by the *Faigenbaum* Court in the area of health care service provided by governmental units and, thus, find that defendant clinic in this case was not engaged in a proprietary function for purposes of the governmental immunity statute. The fact that defendant clinic competes to some extent with health care services provided in the private sector does not render the clinic's functions as "proprietary" for purposes of the statute.[7]

Therefore, we conclude that the trial judge did not err in finding that defendant Oakland County and defendant clinic were engaged in a governmental function and were entitled to governmental immunity in this matter. The trial judge properly granted summary judgment to these defendants.

Plaintiff also argues on appeal that the trial judge erred in granting summary judgment to defendant Hopson based on the common-law doc-

---

[5] *Ross, supra,* pp 612-613; see *Faigenbaum v Oakland Medical Center,* 143 Mich App 303, 313-314; 373 NW2d 161 (1985), lv gtd 425 Mich 857 (1985).

[6] *Faigenbaum, supra,* p 314

[7] See *Canon, supra,* p 608.

trine of qualified tort immunity applicable to officers, employees and agents of a governmental agency. The Supreme Court in *Ross* set forth the tests which are applicable in determining whether an individual is immune from tort liability:

> Lower level officials, employees, and agents are immune from tort liability only when they are
> 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;
> 2) acting in good faith; and
> 3) performing discretionary, as opposed to ministerial acts. [*Ross, supra,* pp 633-634.]

Plaintiff does not seriously argue that the first two tests were not met in this case. However, plaintiff does assert that defendant Hopson's administration of antipsychotic drugs to plaintiff involved a ministerial act, rather than a discretionary act. We disagree.

In *Tobias v Phelps*[8] this Court, in applying the *Ross* ministerial/discretionary test, adopted this Court's numerous pre-*Ross* decisions which held that medical decision making is inherently discretionary. The *Tobias* Court went on to hold that the execution of medical decisions involved ministerial acts. The Court then concluded that the defendant doctors' decisions whether to wean a patient from medication and whether or how often to monitor the patient's condition during the weaning process involved medical judgments and, thus, constituted discretionary acts. However, the *Tobias* Court also held that once the defendant doctors had decided to monitor the patient during the weaning process, the execution of that decision involved ministerial

---

[8] 144 Mich App 272, 280-281; 375 NW2d 365 (1985), lv gtd 424 Mich 859 (1985).

acts. Thus, the defendants were immune from claims arising from the defendant doctors' initial decisions on weaning and monitoring the patient. However, the defendants were not immune from claims arising from their actual execution of the weaning and monitoring process.

Applying the *Tobias* analysis to this case, we believe defendant Hopson's decision to administer anti-psychotic drugs to plaintiff involved substantial medical judgment. Thus, Hopson's decision to administer antipsychotic drugs to plaintiff is directly analogous to the defendants' decisions in *Tobias* on whether to wean or monitor the patient. Hopson's decision did not merely involve the execution of a medical decision. Therefore, we conclude that Hopson's decision to administer antipsychotic drugs to plaintiff constituted a discretionary act and that defendant Hopson was immune from any claims arising from this decision.

In reaching this conclusion, we reject the analysis of the *Ross* ministerial/discretionary test made by another panel of this Court in *Davis v Lhim (On Remand)*.[9] The *Davis* Court held that a defendant psychiatrist was not immune from a malpractice claim since he had no discretion to breach the standard of care imposed by the common law of malpractice. This holding in *Davis* results in a rule that, if a government official's professional conduct is negligent, he is not immune, but, if his conduct is not negligent, he is immune. This holding in *Davis* appears to destroy individual immunity for lower government officials whose conduct allegedly constitutes professional negligence. We do not believe the holding in *Ross* was intended to lead to such a far reaching result. We agree with the analysis in Judge CYNAR's dissent in *Davis* and

[9] 147 Mich App 8; 382 NW2d 195 (1985), lv gtd 425 Mich 851 (1986).

refuse to apply the analysis made by the *Davis* majority to this case.

Therefore, we conclude that the trial judge did not err in finding that defendant Hopson was immune from plaintiff's claim in this case which arose out of Hopson's decision to administer antipsychotic drugs to plaintiff. The trial judge properly granted defendant Hopson's motion for summary judgment in this matter.

Affirmed.