JOPLIN v UNIVERSITY OF MICHIGAN BOARD OF REGENTS

Docket No. 97002. Submitted August 2, 1988, at Lansing. Decided
    November 21, 1988. Leave to appeal applied for.

Eunice Joplin brought a medical malpractice action in Washte-
    naw Circuit Court against the Board of Regents of the Univer-
    sity of Michigan and Charles Drescher and John Hebert, III,
    doctors at the University of Michigan Hospital specializing in
    obstetrics and gynecology, alleging that defendant doctors had
    negligently performed an abortion upon her. Defendants moved
    for summary disposition on the ground of governmental immu-
    nity. The court, Ross W. Campbell, Jr., J., granted the motion.
    Plaintiff appealed from the order of summary disposition as it
    applied to defendant doctors.

The Court of Appeals held:

Lower level governmental employees, such as defendant doc-
    tors, are immune from tort liability when they are acting in
    good faith in the course of their employment and within the
    scope of their authority and performing a discretionary rather
    than a ministerial function. The performing of surgery is, by its
    nature, discretionary in nature. Accordingly, since there was no
    allegation that defendant doctors were not acting in good faith,
    in the course of their employment and within the scope of their
    authority, summary disposition on the basis of governmental
    immunity was properly granted in favor of defendant doctors.

Affirmed.

CYNAR, J., dissented. He would hold that, while medical
    decisions are discretionary in nature, the execution of a medi-
    cal decision is a ministerial act. He would reverse.

GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — SUR-
    GEONS — DISCRETIONARY ACTS.

Carrying out surgery is a discretionary rather than a ministerial
    act, since during the surgery the surgeon must make numerous

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
    §§ 118 et seq.

Immunity from liability for damages in tort of state or governmen-
    tatl unit or agency in operating hospital. 25 ALR2d 203.

decisions based upon the condition of the patient; accordingly, a surgeon employed by a government entity is immune from liability in an action which alleges malpractice arising out of a surgery performed by the surgeon where the surgeon is acting in the course of his employment and acting, or reasonably believes he is acting, within the scope of his authority and acting in good faith.

*Nine & Maister* (by *Ronald B. Maister*), for plaintiff.

*Feikens, Foster, Vander Male & DeNardis, P.C.* (by *Dale L. Herbert*), for defendants.

Before: DANHOF, C.J., and CYNAR and G. R. DENEWETH,* JJ.

DANHOF, C.J. Plaintiff filed a negligence malpractice action against defendants in Washtenaw Circuit Court. The lower court granted defendants' motion for summary disposition on the ground of governmental immunity. Plaintiff appeals as of right only with regard to defendants Drescher and Hebert (hereinafter defendants). We affirm.

In her complaint, plaintiff alleged that on or about February 10, 1984, she entered the University of Michigan Hospital to have an abortion, that Drescher and Hebert worked at the hospital as doctors specializing in obstetrics and gynecology, that they terminated plaintiff's pregnancy through a dilatation and evacuation procedure, that they perforated her uterus and allowed fetal tissue to be evacuated from her uterus and left behind in her abdominal cavity, and that plaintiff underwent further surgery to correct these problems.

Lower level governmental employees, such as defendants, are immune from tort liability when they are:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;

2) acting in good faith; and

3) performing discretionary, as opposed to ministerial acts. [*Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 633-634; 363 NW2d 641 (1984).]

The first two elements of the test are undisputed. Plaintiff claims that, while defendants' decision to operate was discretionary, their execution of that decision was ministerial. Therefore, plaintiff contends, individual immunity does not bar her claims against defendants for improperly performing the operation.

Our Supreme Court explained the distinction between discretionary and ministerial acts as follows:

"Discretionary" acts have been defined as those which require personal deliberation, decision and judgment. Prosser, [Torts (4th ed)] § 132, p 988. This definition encompasses more than quasi-judicial or policy-making authority, which typically is granted only to members of administrative tribunals, prosecutors, and higher level executives. However, it does not encompass every trivial decision, such as "the driving of a nail," which may be involved in performing an activity. For clarity, we would add the word "decisional" so the operative term would be "discretionary-decisional" acts.

"Ministerial" acts have been defined as those which constitute merely an obedience to orders or the performance of a duty in which the individual has little or no choice. *Id.* We believe that this definition is not sufficiently broad. An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual is a

ministerial act, which must be performed in a
nontortious manner. In a nutshell, the distinction
between "discretionary" and "ministerial" acts is
that the former involves significant decision-mak-
ing, while the latter involves the execution of a
decision and might entail some minor decision-
making. Here too, for clarity, we would add the
word "operational" so the operative term would be
"ministerial-operational" acts. [*Ross, supra,* pp
634-635.]

Plaintiff relies on cases which found that medi-
cal decisions are discretionary, but the execution
of those decisions is ministerial. See *Sayles v
Baughman,* 163 Mich App 58, 62; 413 NW2d 730
(1987); *Brown v Northville Regional Psychiatric
Hospital,* 153 Mich App 300, 307; 395 NW2d 18
(1986); *Tobias v Phelps,* 144 Mich App 272, 281;
375 NW2d 365 (1985), lv den 424 Mich 859 (1985).

We find that the reasoning of *Sayles, Brown* and
*Tobias* should not be applied to this case. Those
cases were based on the interpretations of our
Supreme Court's statement that

[a]n individual who decides whether to engage in a
particular activity and how best to carry it out
engages in discretionary activity. However, the
actual execution of this decision by the same indi-
vidual is a ministerial act, which must be per-
formed in a non-tortious manner. [*Ross, supra,* pp
634-635.]

The *Ross* Court further stated:

Many individuals are given some measure of
discretionary authority in order to perform their
duties effectively. Therefore, to determine the exis-
tence and scope of the individual's immunity from
tort liability in a particular situation, the specific
acts complained of, rather than the general nature
of the activity, must be examined. The ultimate

goal is to afford the officer, employee, or agent
enough freedom to decide the best method of car-
rying out his or her duties, while ensuring that
the goal is realized in a conscientious manner. [420
Mich 635.]

Our Supreme Court recently elaborated upon
the distinction between acts which are discretion-
ary-decisional and those which are ministerial-op-
erational in *Canon v Thumudo,* 430 Mich 326; 422
NW2d 688 (1988). The *Canon* Court rejected the
theory advanced in *Davis v Lhim (On Remand),*
147 Mich App 8, 12-15; 382 NW2d 195 (1985), rev'd
430 Mich 326 (1988), that any act of a professional
which deviates from professional standards is, ipso
facto, ministerial in nature. 430 Mich 334. Our
Supreme Court explained:

> To adopt such a definition for "ministerial"
> would come close to eliminating all immunity for
> professionals by confusing the issues of immunity
> and negligence. The distinction is significant. If
> every act which deviates from a professional norm
> were to be categorized as "ministerial," immunity
> would seldom shield professional discretion. Noth-
> ing in *Ross, supra,* hints at such a drastic limita-
> tion on the scope of individual immunity. To the
> contrary, in *Ross,* we cited with approval Justice
> EDWARDS' observation in *Williams v Detroit,* 364
> Mich 231, 261-262; 111 NW2d 1 (1961), that "'[d]is-
> cretion implies the right to be wrong.'" *Ross,
> supra,* p 628. The very concept of immunity pre-
> supposes that the activities complained of may
> have been negligently performed—i.e., in violation
> of the requisite standard of care. In protecting
> significant decision making on the part of public
> employees from tort liability, *Ross* intended "to
> ensure that a decision-maker is free to devise the
> best overall solution to a particular problem, un-
> deterred by the fear that those few people who are
> injured by the decision will bring suit." *Ross,*

*supra,* p 631. Courts should take care not to confuse their separate inquiries into immunity and negligence. [*Canon, supra,* p 335.]

In her complaint, plaintiff essentially claimed that defendants negligently performed the dilatation and evacuation procedure. Plaintiff contends that, while defendants' decision to operate was discretionary, the execution of that decision through surgery was ministerial. If we adopted plaintiff's definition of "ministerial" then we would come close to eliminating all immunity for similarly-situated professionals by confusing our inquiry into immunity with the separate issue of defendants' alleged negligence. *Canon, supra,* p 335.

A surgeon does not just decide to operate. He or she must also make numerous decisions based on the patient's condition, which may be unexpected or change during the course of surgery. The procedure used to terminate plaintiff's pregnancy required a continuing series of decisions by the defendant doctors who performed it. Therefore, that procedure was discretionary.

We conclude that defendants' performance of a dilatation and evacuation procedure upon plaintiff was discretionary. We reject plaintiff's claim that defendants' execution of their discretionary decision to operate was ministerial. The lower court properly granted summary disposition in favor of defendants on the basis that plaintiff's claims against them are barred by individual immunity.

Affirmed.

G. R. DENEWETH, J., concurred.

CYNAR, J. *(dissenting).* I respectfully dissent and would reverse the trial court's order of summary

disposition in favor of defendants Drescher and Hebert.

In her complaint, plaintiff alleged that, on February 10, 1984, she entered the University of Michigan Hospital as an out-patient for the purpose of terminating a pregnancy. Defendants Drescher and Hebert performed a dilatation and evacuation procedure and thereby terminated plaintiff's pregnancy. On February 12, 1984, plaintiff returned to the hospital complaining of abdominal pain. An examination revealed that plaintiff's uterus had been perforated. Plaintiff was admitted to the hospital as an in-patient and surgery was performed to repair the perforation. Subsequently, plaintiff continued to have complaints of abdominal pain and again returned to the hospital. On February 22, 1984, an ultrasound demonstrated that a portion of the fetal skull had migrated through the perforated uterus into plaintiff's abdominal cavity where it still remained. Consequently, further surgery was performed and the remaining fetal material was removed.

This Court has previously held that, while medical decisions are discretionary in nature, the execution of a medical decision is a ministerial act. *Sayles, v Baughman,* 163 Mich App 58, 62; 413 NW2d 730 (1987); *Brown v Northville Regional Psychiatric Hospital,* 153 Mich App 300, 307; 395 NW2d 18 (1986); *Tobias v Phelps,* 144 Mich App 272, 281; 375 NW2d 365 (1985).

In this case, defendants decided to perform a dilatation and evacuation procedure in order to terminate plaintiff's pregnancy. That medical decision was a discretionary act. However, defendants' execution of that medical decision was a ministerial act for which governmental immunity is not available. *Sayles, supra; Brown, supra; Tobias, supra.* Because the act complained of in this case

is the execution of a surgical procedure, and not a discretionary act, defendants Drescher and Hebert should not be entitled to immunity.

I would reverse and remand for further proceedings.