GREEN v COMSTOCK

Docket Nos. 92112, 107345. Submitted March 15, 1989, at Grand Rapids. Decided June 19, 1989. Leave to appeal applied for.

Plaintiffs, Donald L. Green, personal representative of the estate of Jason R. Green, deceased, and Donald L. Green and Dorothy M. Green, jointly and severally, brought two lawsuits in the Berrien Circuit Court after the decedent died following treatment at Berrien General Hospital. In one suit, the plaintiffs named as defendants Berrien General Hospital, Barton Comstock, M.D., and Southwestern Clinic. In the course of the suit, plaintiffs moved for the production of certain documents by the hospital. The trial court, Ronald J. Taylor, J., denied the motion. In Docket No. 92112, plaintiffs appealed by leave granted from that order. In a second suit, the plaintiffs named as defendants Berrien General Hospital, Barton Comstock, M.D., Jane Hardy, R.N., and Carol Dennis, R.N. The defendant hospital and the defendant nurses moved for summary disposition on the basis of governmental immunity. The trial court, Ronald J. Taylor, J., granted the motion. In Docket No. 107345, plaintiffs appealed from that order only in regard to the defendant nurses. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The complained-of acts of the defendant nurses were discretionary and therefore protected under the defense of individual governmental immunity. The trial court properly granted summary disposition in favor of the defendant nurses in Docket No. 107345.

2. The affirmance of the grant of summary disposition to the defendant nurses in Docket No. 107345 and plaintiffs' failure to appeal from the summary disposition granted to the defendant hospital renders analysis of the issue raised in Docket No. 92112 unnecessary.

Affirmed.

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 111 *et seq.*

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

MURPHY, J., dissented. He would find that the complained-of acts of the defendant nurses were ministerial ones and would reverse the order of summary disposition granted to the nurses.

1. GOVERNMENTAL IMMUNITY — DISCRETIONARY ACTS — MINISTERIAL ACTS.

Discretionary acts are those requiring personal deliberation, decision and judgment; ministerial acts are those constituting merely obedience to orders or performance of a duty in which the individual has little or no choice; courts look to the specific act complained of, rather than to the general nature of the activity, to determine whether the acts involve significant decision making or simple execution of a decision involving minor decision making.

2. GOVERNMENTAL IMMUNITY — MEDICAL DECISION MAKING — EXECUTING MEDICAL DECISIONS.

Medical decision making is inherently discretionary, although execution of medical decisions involves ministerial acts; execution of a medical decision may involve a series of medical decisions requiring personal deliberation and judgment regardless of whether they were undertaken in the course of executing the initial decision.

3. GOVERNMENTAL IMMUNITY — DISCRETIONARY ACTS — MINISTERIAL ACTS.

The fact that a professional, by choosing to act in a particular manner, may have deviated from professional standards does not, ipso facto, transform a discretionary act into a ministerial one.

*Sumpter & Perry, P.C.* (by *Thomas E. McDonald* and *Douglas J. Pallas*), for plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg, Lance R. Mather,* and *Susan J. Bradley*), for defendants.

Before: WEAVER, P.J., and MURPHY and GRIFFIN, JJ.

WEAVER, P.J. Plaintiffs appeal as of right in Docket No. 107345 from a circuit court order granting the defendant nurses' motion for sum-

mary disposition on the basis of governmental immunity. Plaintiffs also appeal by leave granted in Docket No. 92112 from an order denying plaintiffs' motion to have the defendant hospital produce certain documents. We affirm.

I

These consolidated appeals arise from two lawsuits commenced after plaintiffs' seven-year-old son, Jason, died following treatment at Berrien General Hospital. Plaintiffs alleged in Docket No. 107345 that when the boy experienced breathing difficulties on December 26, 1984, they took him to see Dr. Barton Comstock at Southwestern Clinic in Stevensville, Michigan. After examining the child, Dr. Comstock personally transported the child to the emergency room at Berrien General. Upon admission to the emergency room, the child was observed with throat swelling, rapid breathing, shortness of breath, noisy respiration, and skin and mucous membrane discoloration due to deficient oxygenation of blood in the lungs (cyanosis). The child was also very anxious and irritable. Following admission, an endotracheal tube was placed in the child's windpipe, intravenous lines were inserted and a tube was set in place for suctioning mucous from the endotracheal tube. The child was placed in wrist restraints and was repeatedly sedated.

Plaintiffs alleged that at 11:00 P.M. the same evening the child became cyanotic with respiratory distress. At 4:30 A.M. the next morning, December 27, 1984, the child experienced additional breathing difficulty. Unsuccessful attempts were made to suction the endotracheal tube with a number 8 French catheter, a device inserted into the tube to clear the mucous. At about 4:45 A.M., the defen-

dant hospital summoned Dr. William Douce[1] from the emergency room to attend to the child. The boy stopped breathing and suffered cardiac arrest at 5:05 A.M. At about 5:26 A.M., Dr. Comstock arrived, removed a plugged endotracheal tube, reintubated the child and resuscitated him, restoring spontaneous heartbeats. An examination of the tube that was removed revealed a brownish mucous plug in the tube's lower inch and a half. The child was transferred to Bronson Hospital and at 10:48 A.M. on December 28, 1984, was pronounced dead due to prolonged oxygen deficiency secondary to upper airway obstruction.

Plaintiffs alleged that the defendant nurses breached their duty of care to (1) observe and chart the child's breath sounds, (2) suction the endotracheal tube as needed to maintain an airway, (3) discontinue dosages of the drug Demerol when it became apparent the drug should not be given, (4) consider doing blood gases when the decedent continued with distressed breathing, (5) have the proper catheter size available for suctioning, and (6) complete a specific nursing plan to provide for maintaining the decedent's airway.

The defendant nurses and the hospital subsequently moved for summary disposition on the basis of governmental immunity, asserting that the defendant hospital was not liable because its operation constituted a governmental function, and that the defendant nurses were not liable because their acts involved judgment making and therefore were discretionary. As to the defendant nurses, the plaintiffs admitted that the nurses were acting in good faith during the course of their employment and within the scope of their authority. The only remaining question, therefore,

---

[1] Plaintiffs reached a settlement with Dr. Douce, who is not a party to this appeal.

was whether their acts were discretionary, entitling them to individual immunity. The trial court granted summary disposition in favor of both the defendant hospital and the defendant nurses on the basis of governmental immunity, and also denied plaintiffs' motion to amend the complaint to add a claim for breach of implied contract. The court denied plaintiffs' motion for relief from that order. Plaintiffs appeal as of right in Docket No. 107345 from that order only in regard to the defendant nurses.

II

On appeal, plaintiffs argue that summary disposition was improper because the defendant nurses performed ministerial rather than discretionary acts in caring for plaintiffs' decedent. We disagree.

Discretionary acts have been defined as those requiring personal deliberation, decision and judgment. *Ross v Consumers Power Co (On Reh)*, 420 Mich 567, 634; 363 NW2d 641 (1984). Ministerial acts have been defined as those constituting merely obedience to orders or performance of a duty in which the individual has little or no choice. *Id.* In deciding whether acts are discretionary or ministerial for purposes of an immunity defense, courts must look to the specific acts complained of, rather than to the general nature of the activity, to determine whether the acts involve significant decision making or simple execution of a decision involving minor decision making. *Ross, supra* at 634-635; *Canon v Thumudo*, 430 Mich 326, 333-334; 422 NW2d 688 (1988).

Medical decision making is inherently discretionary, although execution of medical decisions involves ministerial acts. *Tobias v Phelps*, 144 Mich App 272, 280-281; 375 NW2d 365 (1985), lv

den 424 Mich 859 (1985); *Brown v Northville
Regional Psychiatric Hospital,* 153 Mich App 300,
307; 395 NW2d 18 (1986). See also *Stoick v Caro
Community Hospital,* 167 Mich App 154, 165; 421
NW2d 611 (1988). In undertaking its review, this
Court must recognize that execution of a medical
decision may involve a series of medical decisions
requiring personal deliberation and judgment re-
gardless of whether they were undertaken in the
course of executing the initial decision. *Joplin v
Univ of Michigan Bd of Regents,* 173 Mich App
149, 154; 433 NW2d 830 (1988);[2] *Brown, supra* at
307. The fact that a professional, by choosing to
act in a particular manner, may have deviated
from professional standards does not, ipso facto,
transform a discretionary act into a ministerial
one. *Canon, supra* at 334-335, 340, 345-346. See
also *Bolton v Jones (On Remand),* 173 Mich App
725, 731-734; 435 NW2d 415 (1988) (DANHOF, C.J.,
dissenting). Cf. *Portice v Otsego Co Sheriff's Dep't,*
169 Mich App 563, 567-568; 426 NW2d 706 (1988)
(discretionary conduct of police officers in respond-
ing to an emergency situation was not transformed
into ministerial conduct by allegation of negli-
gence).

---

[2] In *Joplin, supra* at 154, where the plaintiff brought a malpractice
action alleging that the defendant doctors had negligently performed
an abortion upon her, this Court noted:

> Plaintiff contends that, while defendants' decision to operate
> was discretionary, the execution of that decision through sur-
> gery was ministerial. If we adopted plaintiff's definition of
> "ministerial" then we would come close to eliminating all
> immunity for similarly-situated professionals by confusing our
> inquiry into immunity with the separate issue of defendants'
> alleged negligence.
>
> A surgeon does not just decide to operate. He or she must
> also make numerous decisions based on the patient's condition,
> which may be unexpected or change during the course of
> surgery. The procedure used to terminate plaintiff's pregnancy
> required a continuing series of decisions by the defendant
> doctors who performed it. Therefore, that procedure was discre-
> tionary. [Citation omitted.]

Here, a review of the record reveals that in executing the initial medical decision regarding treatment of the plaintiffs' decedent, the defendant nurses further engaged in a series of medical decisions requiring their personal deliberation and judgment. Both of the defendant nurses testified that the child's need for rest was a significant factor entering into their decisions about when and how to suction the child's airway. Nurse Dennis testified that she spent most of the night attending to the child's needs, listening to his breath sounds, and suctioning the airway. Nurse Hardy's completion of the patient care plan was also subject to discretionary judgment as to how detailed the plan needed to be. Similarly, the choice of catheter size for suctioning was a discretionary decision requiring personal deliberation and judgment. Even were the choice of catheter to be found inappropriate, this would not alter the discretionary nature of the decision. *Canon, supra* at 335, 346.

Upon our review of the record, we find that the acts of the defendant nurses were discretionary and therefore protected under the defense of individual governmental immunity. *Id.* at 332. Hence the trial court properly granted summary disposition in favor of the defendant nurses on the basis that plaintiffs' claims were barred by individual immunity.

Plaintiffs' appeal in Docket No. 92112 concerns the discoverability of the most recent statement of deficiencies by the Joint Commission on Accreditation of Hospitals as of the date of the child's hospital admission, and the discoverability of a correction plan issued by the hospital in response thereto. Our affirmance in Docket No. 107345 of the trial court's grant of summary disposition to the defendant nurses and plaintiffs' failure to

appeal from the grant of summary disposition to the defendant hospital renders analysis of this issue unnecessary.

Affirmed.

GRIFFIN, J., concurred.

MURPHY, J. *(dissenting)*. I dissent.

Plaintiffs specifically alleged in Docket No. 107345 that defendant nurses breached their duty of care to observe and chart the child's breathing sounds and suction the endotracheal tube as needed to maintain an airway. Based upon my review of the record, it appears that these allegations involve the more critical factors in the child's death. The majority correctly cites applicable authority for the proposition that execution of medical decisions involves ministerial acts. However, the majority chooses to disregard that authority in coming to the conclusion that the above-alleged acts required personal deliberation and judgment.

Our Supreme Court in *Ross v Consumers Power Co (On Reh)*, 420 Mich 567, 635; 363 NW2d 641 (1984), in explaining the distinction between "ministerial-operational" acts as opposed to "discretionary-decisional" acts stated:

> In a nutshell, the distinction between "discretionary" and "ministerial" acts is that the former involves *significant decision-making,* while the latter involves the *execution of a decision and might entail some minor decision-making.* Here too, for clarity, we would add the word "operational" so the operative term would be "ministerial-operational" acts.

In my view, it is clear that the decision to insert an endotracheal tube in a patient is a discretion-

ary act. Obviously, there is a certain degree of
significant decision making involved in determin-
ing that such a procedure is necessary. However,
the actual insertion of the tube and maintaining it
are merely the execution of that decision. At most,
executing that decision might involve some minor
decision making. Therefore, the actual insertion
and maintenance of the endotracheal tube are
ministerial acts. As for plaintiffs' allegations that
defendant nurses breached their duty of care to
observe and chart the child's breathing sounds, I
am hard pressed to imagine how these acts can be
anything other than ministerial ones. It surely
does not involve significant decision making to
observe a patient or record a breath sound.

The majority in this case relies on *Joplin v Univ
of Michigan Bd of Regents,* 173 Mich App 149, 154;
433 NW2d 830 (1988), for the proposition that this
Court must recognize that execution of a medical
decision may involve a series of medical decisions
requiring personal deliberation and judgment re-
gardless of whether they were undertaken in the
course of executing the initial decision. However, I
find it telling that the act which was determined
to be discretionary in that case was surgery; specif-
ically, dilatation and evacuation. Moreover, there
was a dissent in *Joplin* which concluded that even
the act of performing surgery was a ministerial act
for which governmental immunity is not available.
*Joplin, supra,* p 155. Because the act in *Joplin*
found to be a discretionary one was surgery, as
compared to the alleged acts involved in this case,
I am not particularly persuaded by the majority's
reliance on the *Joplin* decision.

The majority opinion then relies on several
cases for the proposition that a professional's devi-
ating from professional standards does not trans-

form a discretionary act into a ministerial one.
However, based upon my review of the facts in
this case, I do not see where that proposition is
applicable to the analysis of plaintiffs' allegations
in the case at bar.

In conclusion, I believe that the acts of observ-
ing a patient, charting the patient's progress and
inserting and suctioning an endotracheal tube are
clearly ministerial ones. To classify these ministe-
rial acts as discretionary inappropriately and un-
necessarily cloaks defendants' acts in a veil of
governmental immunity. I would reverse the lower
court's order granting defendants' motion for sum-
mary disposition in Docket No. 107345.