COLEMAN v DOWD

Docket No. 117726. Submitted April 12, 1990, at Lansing. Decided October 2, 1990. Leave to appeal applied for.

Helen and Eddie Coleman brought a medical malpractice action in the Genesee Circuit Court, Philip C. Elliott, J., against Clinton Dowd, M.D., and G. Lecea, M.D., alleging that as a result of defendants' failure to ligate plaintiff Helen Coleman's right fallopian tube during a tubal ligation performed in a government hospital, she became pregnant. The trial court granted defendants' motions for summary disposition finding that plaintiffs failed to file the suit within six months after they discovered or should have discovered the existence of the claim. The trial court also granted Dr. Lecea's motion after finding that governmental immunity applied to his actions. Plaintiffs appealed.

The Court of Appeals *held:*

1. Under the unique facts of this case and because of the strong public policy of discouraging potentially frivolous litigation, the issue of when plaintiffs discovered the alleged malpractice in this case must be determined as a matter of law. It was not until after the child was delivered by Caesarean section that plaintiffs knew of or had any reason to believe with any degree of certainty that the failure of the tubal ligation was due to the negligent performance of the defendants and was not due to any natural cause. While plaintiffs may have had suspicions of negligence, there was no way to confirm such suspicions, without posing a risk to the mother or the fetus, until she delivered her child or miscarried. Therefore, discovery of her claim could not have occurred until one of those events occurred. The trial court erred in granting summary disposition in favor of defendants on the basis of the

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 119, 120; Physicians, Surgeons, and Other Healers §§ 321, 324.

When statute of limitations begins to run against malpractice action in connection with sterilization or birth control procedures. 93 ALR3d 218.

statute of limitations. The trial court, on remand, is to grant summary disposition in favor of plaintiffs as to this issue.

2. Dr. Lecea's actions in assisting during the tubal ligation involved merely minor decision making and constituted ministerial rather than discretionary acts. The actual performance of the tubal ligation was a ministerial act. The trial court erred in granting summary disposition to Dr. Lecea on the basis of governmental immunity.

Reversed and remanded.

1. LIMITATION OF ACTIONS — MALPRACTICE — DISCOVERY OF MALPRACTICE.

A two-pronged test helps a court in determining when a plaintiff discovered, or should have discovered, a defendant's alleged malpractice; a plaintiff is held to have discovered the existence of a malpractice claim when (1) the act or omission of the defendant becomes known and (2) the plaintiff has reason to believe that medical treatment was improper or was performed in an improper manner.

2. GOVERNMENTAL IMMUNITY — PHYSICIANS AND SURGEONS — MEDICAL DECISIONS.

Medical decisions are discretionary in nature, however, the execution of a medical decision is a ministerial act for which governmental immunity is not available.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Robert P. Roth* and *Marc S. Berlin*), for G. Lecea, M.D.

*Cline, Cline & Griffin* (by *Glenn Michael Simmington*), for Clinton Dowd, M.D.

Before: BRENNAN, P.J., and MAHER and NEFF, JJ.

PER CURIAM. Plaintiffs appeal as of right from separate orders of the circuit court granting summary disposition to defendants. Defendant Dowd's motion for summary disposition was based on

MCR 2.116(C)(7). Defendant Lecea's motions for summary disposition were based on MCR 2.116(C) (7) and (8). We reverse and remand.

I

This is a medical malpractice case. As a result of defendants' alleged failure to ligate plaintiff Helen Coleman's right fallopian tube during a tubal ligation, she became pregnant. In her deposition testimony, plaintiff acknowledged that, immediately after she learned that she was pregnant, she suspected that defendants may have improperly performed the tubal ligation. In her own words, plaintiff stated that she felt that "somebody had screwed up." However, after discussing her pregnancy with her physician, she learned that it is possible to become pregnant even after a properly performed tubal ligation.

After plaintiff delivered her child by Caesarean section, she learned that her right fallopian tube had reportedly never been ligated. She thereafter brought suit against defendant Dowd, the physician who performed the tubal ligation, and against defendant Lecea, the resident who assisted during the tubal ligation.

II

STATUTE OF LIMITATIONS

Plaintiffs contend that the trial court erred in granting summary disposition to defendants pursuant to MCR 2.116(C)(7) on the basis of the statute of limitations. We agree.

It is undisputed that plaintiffs brought suit well beyond the two-year period of limitations contained in MCL 600.5805(4); MSA 27A.5805(4) for

filing a malpractice action. What is disputed is whether, pursuant to MCL 600.5838(2); MSA 27A.5838(2), plaintiffs filed suit within six months after Helen Coleman discovered or should have discovered the existence of the claim.

In reviewing a motion for summary disposition based on MCR 2.116(C)(7), this Court accepts as true all of the plaintiff's well-pled factual allegations and construes them most favorably to the plaintiff. *Wakefield v Hills,* 173 Mich App 215, 220; 433 NW2d 410 (1988), lv den 433 Mich 857 (1989).

Where, as here, the plaintiff has requested a jury trial, summary disposition pursuant to MCR 2.116(C)(7) should not be granted if there are factual disputes regarding when discovery occurred or reasonably should have occurred. *Wakefield, supra.* In such a situation, the discovery issue is generally to be decided by the jury. *Moss v Pacquing,* 183 Mich App 574, 580; 455 NW2d 339 (1990); *Wakefield, supra.* However, in *Weisburg v Lee,* 161 Mich App 443, 447-448; 411 NW2d 728 (1987), this Court stated:

> A plaintiff is held to have discovered the existence of a malpractice claim when: (1) the act or omission of the defendant becomes known and (2) the plaintiff has reason to believe that medical treatment was improper or was performed in an improper manner. *Kelly v Richmond,* 156 Mich App 699; 402 NW2d 73 (1986); *Juravle v Ozdagler,* 149 Mich App 148; 385 NW2d 627 (1985). The plaintiff has the burden of proving that discovery was not within two years of the date of the last treatment. MCL 600.5838(2); MSA 27A.5838(2).
>
> Once it is shown that the two-pronged test mentioned above has been met, the court may conclude as a matter of law that plaintiff discovered or should have discovered the asserted malpractice and grant defendants' motion for summary disposition. *Blana v Spezia;* 155 Mich App 348; 399 NW2d

511 (1986); *Lefever v American Red Cross,* 108 Mich App 69; 310 NW2d 278 (1981). The trial court's findings will not be reversed unless clearly erroneous. *Blana, supra,* p 354.

While we believe that the discovery issue is generally to be determined by the jury, under the unique facts of this case and because of the strong public policy of discouraging potentially frivolous litigation, we believe that the discovery issue in this case must be determined as a matter of law. Here, it was not until after plaintiff's Caesarean section that she knew or had any reason to believe with any degree of certainty that the failure of the tubal ligation was due to the negligent performance by the physicians and not due to any natural cause. While plaintiff may have had suspicions of negligence, there was no way to confirm her suspicions, without posing a risk to the mother or the fetus, until she delivered her child or miscarried. Therefore, discovery of the claim could not have occurred until one of those events occurred.

To require plaintiff to bring suit before she could reasonably be expected to know whether there was a valid basis for suing, i.e., before delivery or miscarriage, would place plaintiff in the untenable situation of choosing between either giving up her right to sue or endangering her health or that of her fetus and would encourage potentially frivolous and unnecessary litigation, with its attendant costs, both financial and emotional. Accordingly, we conclude that, under the unique set of facts presented here, the trial court clearly erred in granting summary disposition in favor of defendants on the basis of the statute of limitations, and we direct that summary disposition be granted in favor of plaintiffs as to this issue.

### III

### GOVERNMENTAL IMMUNITY

Plaintiffs also contend that the trial court erred in granting summary disposition to defendant Lecea on the basis of governmental immunity because his failure to ligate the right fallopian tube was a ministerial act. Lecea moved for, and the trial court granted, summary disposition on the basis that, at the time of the tubal ligation, Lecea was engaged in a discretionary activity.

In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 592, 634-635; 363 NW2d 641 (1984), reh den 421 Mich 1202 (1985), our Supreme Court discussed discretionary versus ministerial acts as follows:

> "Discretionary-decisional" acts are those which involve significant decision-making that entails personal deliberation, decision, and judgment. "Ministerial-operational" acts involve the execution or implementation of a decision and entail only minor decision-making.
>
> An individual who decides whether to engage in a particular activity and how best to carry it out engages in discretionary activity. However, the actual execution of this decision by the same individual is a ministerial act, which must be performed in a nontortious manner. In a nutshell, the distinction between "discretionary" and "ministerial" acts is that the former involves significant decision-making, while the latter involves the execution of a decision and might entail some minor decision-making.

In determining whether a tortfeasor's conduct was discretionary or ministerial, courts must examine the specific acts of which the plaintiff com-

plains rather than the general nature of the activity. *Canon v Thumudo,* 430 Mich 326, 334; 422 NW2d 688 (1988); *Ross, supra,* p 635.

At the time of the tubal ligation, Lecea was a surgical resident at Hurley Medical Center, a government hospital. Lecea assisted Dowd in performing the tubal ligation on Helen Coleman.

We agree with plaintiffs that Lecea's actions in assisting during the tubal ligation involved merely minor decision making and constituted ministerial rather than discretionary acts. See *Sayles v Baughman,* 163 Mich App 58, 62; 413 NW2d 730 (1987), and *Brown v Northville Regional Psychiatric Hosp,* 153 Mich App 300, 307; 395 NW2d 18 (1986).

While making the decision to perform the tubal ligation and even making the decision about which method to use in achieving sterilization were probably discretionary acts, those decisions had already been made by the time plaintiff was in the operating room. The actual performance of the procedure was, in our view, ministerial. In so concluding, we acknowledge that this case is in conflict with the majority opinion in *Joplin v University of Michigan Bd of Regents,* 173 Mich App 149; 433 NW2d 830 (1988), remanded 434 Mich 851 (1990). In *Joplin,* the majority rejected the plaintiff's claim that the defendants' execution of their discretionary decision to operate was ministerial. We believe that the *Joplin* case was wrongly decided and believe that the better view is that expressed by Judge CYNAR in the dissenting opinion in *Joplin.*

IV

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.